UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY (TRENTON)

TWINKLE YOUNG,
    Plaintiff,
-vs.-

CCS COMMERCIAL, LLC d/b/a CREDIT COLLECTION SERVICES, a foreign limited liability company,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, TWINKLE YOUNG, THROUGH COUNSEL, DANIEL ZEMEL**, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

2. The transactions and occurrences which give rise to the action occurred in the unincorporated community within Franklin township and county of Somerset, New Jersey.

3. Venue is proper in the District of New Jersey.

## PARTIES

4. Plaintiff is a natural person residing in the unincorporated community within Franklin township and county of Somerset, New Jersey.

5. The Defendant to this lawsuit is CCS Commercial LLC d/b/a Credit Collection Services, which is a foreign limited liability company that conducts business in the State of New Jersey.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect two consumer type debts in the amounts of $567.00 and $1,328.00 allegedly owed by Plaintiff to third party ("the Alleged Debts").

7. On July 31, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed Defendant reporting two collection items related to the Alleged Debts.

8. On or about September 16, 2020, Plaintiff submitted a letter to Defendant disputing the collection items.

9. On November 16, 2020, a prospective lender, Citibank N.A., obtained Plaintiff's Equifax credit file.

10. On November 18, 2020, Plaintiff obtained her Equifax credit disclosure which showed Defendant last reported the collection items to Equifax on November 13, 2020 and failed or refused to flag them as disputed, in violation of the FDCPA.

11. On November 20, 2020, Plaintiff obtained her Trans Union credit disclosure which showed Defendant last reported these collection items to Trans Union on November 13, 2020 and continued to report them as undisputed, in violation of the FDCPA.

12. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

13. Defendant had more than ample time to instruct Equifax and Trans Union to flag its collection items as Disputed.

14. Defendant's inaction to have its collection items on Plaintiff's credit reports flagged as disputed was either negligent or willful.

15. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit report continues to be damaged due to the Defendant's failure to properly report the associated collection items.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

19. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

21. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.  Defendant has willfully continued to report false information on the Plaintiff's credit report.

22. Defendant has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

23. Defendant's failure to flag its collection items on Plaintiff's consumer credit files is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that she has simply ignored these two debts when, in fact, she disputes their validity.

24. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

March 12, 2021        /s/ ***Daniel Zemel***
DANIEL ZEMEL
Zemel Law, LLC
1373 Broad St. Suite 203C
Clifton, NJ 07013
Telephone: (862) 227-3106
Facsimile: (973) 282-8603
E-Mail: dz@zemellawllc.com
*Attorney for Plaintiff,*
*Twinkle Young*